**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THI OF NEVADA AT HENDERSON CONVALESCENT, LLC dba HENDERSON HEALTHCARE CENTER, et al.,<br><br>        Plaintiff(s),<br><br>v.<br><br>ALGENE WUCINICH, as personal representative of the estate of RUBY HAPPEL-HOLTZ,<br><br>        Defendant(s). | 2:13-CV-2016 JCM (CWH) |

**ORDER**

Presently before the court is a motion to compel arbitration filed by plaintiffs THI of Nevada at Henderson Convalescent, LLC and THI of Nevada, LLC. (Doc. # 5). Defendant Algene Wucinich, personal representative of the estate of Ruby Happel-Holtz, has filed a response (doc. # 9), to which plaintiffs replied (doc. # 29).

**I.      Background**

On March 31, 2012, Happel-Holtz was admitted to the Henderson Healthcare Center ("HHC"), a facility owned and operated by plaintiffs, to rehabilitate following surgery on her right arm and collar bone. On April 28, 2012, Happel-Holtz was transferred to St. Rose Siena Hospital and diagnosed with sepsis. On May 12, 2012, Happel-Holtz went into septic shock and died.

**James C. Mahan**
**U.S. District Judge**

On May 8, 2013, defendant filed a complaint in state court against plaintiffs, alleging abuse, neglect, and improper care of Happel-Holtz, which resulted in her death.

On November 1, 2013, plaintiffs filed the instant motion asserting that a provision contained in their agreement with Happel-Holtz requires that this matter be resolved through binding arbitration.

In response, defendant argues that the arbitration agreement is unenforceable and invalid because Happel-Holtz's signature is a fraud or forgery. In addition, defendant argues that plaintiffs waived their right to arbitrate because they waited over six months after the state action commenced before filing this motion.

## II.     Legal Standard

In deciding whether to compel arbitration under the Federal Arbitration Act ("FAA"), a district court's role is limited to "determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir 2008) (internal quotations and citation omitted). The FAA "places arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67-68 (2010).

"To evaluate the validity of an arbitration agreement, federal courts should apply ordinary state-law principles that govern the formation of contracts." *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003) (internal quotations and citation omitted). "Like other contracts, however, they may be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability." *Id*. at 68 (citation omitted). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983).

"In enacting § 2 of the federal Act, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which

James C. Mahan
U.S. District Judge

- 2 -

the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating*, 465 U.S. 1, 10, (1984). "Despite this strong policy favoring arbitration, arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Samson v. NAMA Holdings, LLC*, 637 F.3d 915, 923 (9th Cir. 2010) (internal quotations and citation omitted).

FAA § 2 states in relevant part:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

FAA § 4 states in relevant part:

> [A]ny United States district court which, save for [the arbitration] agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties . . . . [U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4.

### III. Discussion

The parties dispute the validity of the arbitration agreement allegedly executed between plaintiffs and Happel-Holtz. Defendant argues that Happel-Holtz's signature is a fraud or forgery and that Happel-Holtz did not expressly consent to the agreement. Furthermore, she contends that (1) the arbitration agreement was only initialed, not signed, (2) the initials are inconsistent with Happel-Holtz's initials on other documents, (3) the agreement was unwitnessed, and (4) the agreement was allegedly signed three days after Happel-Holtz was admitted into HHC.

In their reply, plaintiffs argue that Happel-Holtz gave Dana Polin, the former assistant to the facility's director of admissions, express authority to initial the arbitration agreement on Happel-Holtz's behalf. Plaintiffs contend that Happel-Holtz thereby gave her consent to be bound by the

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  arbitration agreement.

2  A dispute exists as to whether Polin had authority to sign on Happel-Holtz's behalf, which cannot be resolved at this stage of the proceedings. As such, the court finds that plaintiffs have not met their burden to show that a valid arbitration agreement exists.

Moreover, assuming, *arguendo*, that a valid arbitration agreement exists, defendant did not meet her burden in showing waiver occurred. "A party seeking to prove waiver of the right to arbitrate must show: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration from such inconsistent acts." *Samson*, 637 F.3d at 934 (citing *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986)) (internal quotations omitted). A party arguing waiver of an arbitration provision "bears a heavy burden of proof" and "[a]ny examination of whether the right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements." *Samson*, 637 F.3d at 934 (citing *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986)).

Defendant argues that the existence of duplicate actions can show prejudice. In support, defendant cites only to nonbinding authority that addressed circumstances involving a stay, which is not relevant here. While it is undisputed that plaintiffs knew of the arbitration agreement, defendant has not shown that plaintiffs' actions were inconsistent with their desire to arbitrate or that she suffered prejudice as a result.

Accordingly, the court will deny the motion to compel arbitration without prejudice.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion to compel arbitration (doc. # 5) be, and at the same time hereby is, DENIED without prejudice.

DATED July 30, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -