UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THI OF NEVADA AT HENDERSON CONVALESCENT, LLC d/b/a HENDERSON HEALTHCARE CENTER, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>ALGENE WUCINICH, as personal representative of the Estate of RUBY HAPPEL-HOLTZ,<br><br>Defendant(s). | Case No. 2:13-CV-2016 JCM (CWH)<br><br>ORDER |

Presently before the court is a motion for reconsideration filed by plaintiffs THI of Nevada at Henderson Convalescent, LLC, d/b/a Henderson Healthcare Center, and THI of Nevada, LLC (hereinafter "plaintiffs"). (Doc. # 36). Defendant Algene Wucinich (hereinafter "defendant"), personal representative of the estate of Ruby Happel-Holtz, filed a response, (doc. # 38), and plaintiffs filed a reply, (doc. # 40).

**I.   Background**

On March 31, 2012, Happel-Holtz was admitted to the Henderson Healthcare Center ("HHC"), a facility owned and operated by plaintiffs, for rehabilitation following surgery on her right arm and collar bone. On April 28, 2012, Happel-Holtz was transferred to St. Rose Siena Hospital and diagnosed with sepsis. On May 12, 2012, Happel-Holtz went into septic shock and died.

On May 8, 2013, defendant filed a complaint in state court against plaintiffs, alleging abuse, neglect, and improper care of Happel-Holtz, which resulted in her death.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

On November 1, 2013, plaintiffs filed a motion to compel arbitration based on an arbitration provision in their agreement with Happel-Holtz. (Doc. # 5). Defendant filed a response, (doc. # 9), and plaintiffs filed a reply, (doc. # 29).

On July 30, 2014, the court denied without prejudice plaintiffs' motion to compel arbitration. (Doc. # 35). The court determined that there were genuine factual disputes as to whether the parties entered into a valid arbitration agreement. (Doc. # 35).

In particular, the court found a dispute as to whether Happel-Holtz gave Dana Polin, the former assistant to the facility's director of admissions, express authority to initial the arbitration agreement on Happel-Holtz's behalf. (Doc. # 35).

Plaintiffs then filed the instant motion for reconsideration.

## II. Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

## III. Discussion

In the instant motion, plaintiffs ask the court to reconsider and/or clarify its order denying plaintiffs' motion to compel arbitration. (Doc. # 36).

Plaintiffs fail to allege any "unusual circumstances" warranting reconsideration of the court's July 30, 2014, order. *See Kona Enters.*, 229 F.3d at 890. The evidence that plaintiffs cite is not new, and plaintiffs do not contend that there has been an intervening change in controlling law.

Plaintiffs contend that the court erred because "there is no disputed issue of fact regarding Ms. Polin's authority to sign the arbitration agreement." (Doc. # 37). This is clearly untrue, as the parties' filings and the court's prior order highlight. The court previously found that

plaintiffs failed to meet their burden to prove a valid arbitration agreement when faced with defendant's arguments to the contrary. (Doc. # 35).

Plaintiffs do not make any new arguments here, aside from stating that Ms. Polin's declaration, in which she asserts that she had authority to sign the agreement on Happel-Holtz's behalf, is "uncontested." (Doc. # 37). This is insufficient to show clear error or manifest injustice on the facts as presented by the parties. *See School Dist. No. 1J*, 5 F.3d at 1263. Accordingly, the court will deny the motion for reconsideration.

In the alternative, plaintiffs ask that the court clarify its order "by identifying and explaining such disputed issue so that Plaintiffs may respond to the Court's concerns in a renewed Arbitration Motion." (Doc. # 37).

The court urges plaintiffs to reread the court's July 30, 2014, order, as well as the parties' filings on plaintiffs' motion to compel arbitration. These documents clearly detail the dispute at issue in the case, namely, whether Happel-Holtz expressly consented to the arbitration provision with a valid signature. Further clarification from the court is unnecessary and would be duplicative.

Finally, plaintiffs contend that the court must hold a trial on the disputed issues of fact rather than deny the motion to compel arbitration. (Doc. # 37). Plaintiffs cite section 4 of the Federal Arbitration Act ("FAA") in support of this proposition. *See* 9 U.S.C. § 4.

FAA section 4 states, in relevant part, "If the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. Courts have interpreted this section to require a jury trial for any triable issue regarding the existence or scope of an agreement. *See Reilly v. WM Fin. Servs., Inc.*, 95 F. App'x 851, 852 (9th Cir. 2004).

Plaintiffs are correct that FAA section 4 warrants a jury trial on the issue of the arbitration provision's enforceability. *See Prima Paint Corp. v. Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967) (stating that where there is a claim of fraud "in the inducement of the arbitration clause itself—an issue which goes to the 'making' of the agreement to arbitrate—the federal court may proceed to adjudicate it); *AT&T Techs. Inc. v. Comm'ns Workers et al.*, 475 U.S. 643,

**James C. Mahan**
**U.S. District Judge**

649 (1986) (holding that whether arbitration is appropriate is "undeniably an issue for judicial determination").

However, this does not foreclose the court's ability to deny a motion to compel arbitration. *See Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1407-08 (9th Cir. 1990) (reviewing district court denial of motion to compel arbitration). Section 4 simply indicates that, where the court finds a dispute over the validity of an arbitrary provision, the court has jurisdiction to hear that dispute apart from any litigation of the parties' substantive claims.

Section 4 does not require the court to hold a trial before denying the motion to compel. Thus, the court's denial of the motion to compel was not, as plaintiffs contend, "legally incorrect." (Doc. # 37). The parties may proceed through discovery regarding the validity of the arbitration clause and the court will hold a trial in due course if appropriate.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that plaintiffs' motion for reconsideration, (doc. # 36), be, and the same hereby is, DENIED.

DATED October 6, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -